IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00394-NYW-NRN

JILLIAN JOHNSON,

    Plaintiff,

v.

LARIMER COUNTY SHERIFF JOHN FEYEN, in his official capacity,

    Defendant.

---

**ORDER ON PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S PRODUCTION OF ITS HUMAN RESOURCES EMPLOYEE, CHRISTINE KUEHNAST'S, INVESTIGATION RECORDS (ECF No. 47)**

---

**N. Reid Neureiter**
**United States Magistrate Judge**

    This matter is before the Court on Plaintiff Jillian Johnson's motion to compel production from the Defendant, Larimer County Sheriff John Feyen, of the investigation records of Christine Kuehnast. ECF No. 47, filed March 10, 2025. The motion was referred to the Court by Judge Wang on March 11, 2025. ECF No. 48. Defendant filed its response in opposition on March 31, 2025. ECF No. 52. The Court held argument on the matter on May 21, 2025. *See* ECF No. 60. On that date, the Court reviewed certain documents and ordered that they be produced without redaction. At that hearing, the Court also granted Defendant a week to submit a supplemental affidavit from Ms. Kuehnast which might establish the factual basis for the Defendant's claims that Ms. Kuehnast's investigative records are protected by the attorney-client or work product privileges. ECF No. 60.

On May 27, 2025, Defendant submitted the Declaration of Christine Kuehnast. ECF No. 61-1. On May 30, 2025, Plaintiff filed her response to Defendant's submission of Ms. Kuehnast's declaration. ECF No. 62. In that response, Plaintiff argued that even if Ms. Kuehnast's investigative records were consistent with her work as an attorney, and even if the records did constitute work product, Plaintiff should nevertheless be entitled to see the factual portions of the investigative notes because such facts are not protected by the privilege. *See* ECF No. 62 at 2 (citing *Upjohn v. United States*, 449 U.S. 383, 395–96 (1981)).

I. **BACKGROUND**

   a. **Plaintiff's Allegations**

Plaintiff is a former sheriff's deputy with the Larimer County Jail. Plaintiff has a hearing disability and required reasonable accommodations to be able to hear and effectively communicate in the noisy jail environment. Plaintiff alleges that the Defendant Sheriff, sued in his official capacity, knew or should reasonably have known of Plaintiff's hearing disability when she was hired or shortly thereafter. Despite Plaintiff's requests for reasonable accommodations and her good faith efforts to work with Defendant's employees to secure them, Defendant failed to engage in the interactive process or work with Plaintiff in good faith to afford her with reasonable accommodations that would have allowed her to perform the essential functions of her jail deputy position. Because of the failure to provide reasonable accommodations for her hearing disability, and Defendant's refusal to consider Plaintiff for reassignment to a comparable vacant position, Plaintiff alleges that Defendant created an unsafe and

2

intolerable working environment, ultimately resulting in the constructive termination of Plaintiff's employment on November 16, 2022.

Defendant, for his part, insists that Plaintiff never requested any accommodations and that, to the extent any accommodation may have been requested, it would have constituted an undue burden on Defendant. Defendant says he complied with all legal and statutory requirements and never discriminated against the Plaintiff. Defendant takes the position that Plaintiff voluntarily resigned her position due to personal life circumstances, not because of any discrimination or intolerable conditions imposed by Defendant.

### b. Plaintiff's Motion to Compel

Plaintiff asks that the Court order Defendant to produce the factual portions of notes taken by Christine Kuehnast when she interviewed Lt. Tutendzic of the Larimer County Sheriff's Department regarding Plaintiff's charge of discrimination. The charge of discrimination was filed on March 24, 2023. Ms. Kuehnast is employed by Larimer County working in the Human Resources Department. She is an attorney licensed to practice law and is in good standing with the Colorado state bar. Defendant argues that the notes taken during this interview were investigatory and not covered by any privilege, and, alternatively, if they are covered by the work product privilege, those factual portions are not protected and should be produced.

### c. Ms. Kuehnast's Role in Investigating Plaintiff's Allegations

According to her declaration, Ms. Kuehnast is employed by Larimer County in the Human Resources Department. ECF No. 61-1 ¶ 3. Part of her job involves assisting the Larimer County Attorney's Office in preparing responses to charges of discrimination.

3

*Id*. ¶ 4. In that capacity, she conducts interviews and gathers information pertaining to allegations set forth in any charge of discrimination. *Id*. ¶ 5. With respect to Plaintiff, Ms. Kuehnast first learned of a possible dispute in February 2023, when one of the Larimer County Attorneys sent Ms. Kuehnast a letter from Plaintiff's legal counsel. Ms. Kuehnast took no investigative steps at that time. *Id*. ¶ 6.

After Larimer County received a copy of Plaintiff's charge of discrimination, which was filed on March 24, 2023, a County Attorney directed Ms. Kuehnast to gather information pertaining to the allegations. The purpose of this work was to assist the County Attorney in preparing a response to the charge of discrimination. *Id*. ¶¶ 7–8. Ms. Kuehnast's work was done at the direction of the Larimer County Attorney's Office for the specific purpose of responding to the charge of discrimination. Indeed, Ms. Kuehnast authored the response to the charge. *Id*. ¶ 10.

According to Ms. Kuehnast, the documents (or portions of the documents) Plaintiff seeks to have produced were all created in the course of Ms. Kuehnast's work assisting the Larimer County Attorney's office to respond to the charge of discrimination—part of the legal process. Included among these documents are type-written notes that Ms. Kuehnast authored that reflect her conversation with Lt. Tutundzic. *Id*. ¶¶ 12–13. Ms. Kuehnast viewed the notes and other documents she created as confidential, privileged, and work product, given her role in assisting the Larimer County Attorney's Office in preparing a response to the legal process. *Id*. ¶ 14. Plaintiff has presented no evidence or authority to contradict the factual allegations of Ms. Kuehnast's declaration.

4

II.  **DECISION**

The Court concludes that the materials that Plaintiff seeks to discover—the notes or other documents prepared by Ms. Kuehnast—are attorney-client privileged and attorney-work product materials that are protected from disclosure. Plaintiff's motion, ECF No. 47, will be **DENIED**.

First, it is clear that Ms. Kuehnast was assigned to investigate the charge of discrimination by the Larimer County Attorney's Office. This was done in the context of Plaintiff having filed a charge of discrimination, a prerequisite before the filing of any lawsuit. So, it is indisputable that the work was done in anticipation of litigation. Second, Ms. Kuehnast is an attorney and was working at the direction of and on behalf of the Larimer County Attorney's Office. Thus, the material is attorney-client privileged and, if not attorney-client privileged, it is certainly attorney work-product.

Plaintiff quotes *Upjohn* for the proposition that the protection of the privilege extends "only to *communications* and not to facts." ECF No. 62 at 2 (emphasis added). Plaintiff then suggests that because Mr. Kuehnast's investigatory notes likely contain mostly factual information, it would nevertheless be discoverable, with appropriate redactions for mental impressions of counsel. This is incorrect.  It is both a misreading and misapplication of the cited language from *Upjohn*.

The cited language from *Upjohn* referred to the attorney-client privilege and was making the point that a witness may know a fact, and be required to disclose that fact, despite having previously disclosed the same fact to an attorney. *See Upjohn*, 449 U.S. at 396 ("The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his

5

knowledge merely because he incorporated a statement of such fact into his communication to his attorney.") (quoting *Phila. v. Westinghouse Elec. Corp.*, 205 F. Supp. 830, 831(E.D. Pa. 1962)).

    Here, Plaintiff is not seeking to know the facts, she is seeking to uncover the specific communications from the client to the attorney reflected in the notes. That is not proper and would violate the attorney-client privilege. Plaintiff also disregards the work-product aspect of the material she seeks to discover.

    The Federal Rules of Civil Procedure have incorporated the protection of attorney-work product into the definition of what is discoverable in federal litigation. *See* Fed. R. Civ. P. 23(b)(3). Per this Rule, documents or tangible things that are prepared in anticipation of litigation or for trial by another party or its representative are ordinarily *not* discoverable. Fed. R. Civ. P. 23(b)(3)(A). Such materials may only be discovered if (1) they are otherwise discoverable, and (2) the party seeking disclosure "shows it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 23(b)(3)(A)(i)–(ii).

    Here, Plaintiff has neither argued nor made any showing that material contained in Ms. Kuehnast's notes is not obtainable by other means. Indeed, it is not disputed that Plaintiff's counsel has deposed Lt. Tutundzic and presumably, at that deposition, could have asked any *factual* questions about Plaintiff's employment, the circumstances of her employment, and her departure from her job at the jail that Plaintiff's counsel wanted. This is a substantially equivalent method of learning the factual information Lt. Tutundzic likely communicated to Ms. Kuehnast. In the same way that Plaintiff is entitled

to send out an investigator or attorney to interview prospective witnesses without fear that notes of the interview would have to be turned over, Larimer County was entitled to have its own attorney investigator conduct interviews of knowledgeable jail personnel without fear of having to turn over the notes of those interviews.

The Court also finds that the Defendant did not waive any privilege by failing to initially include these materials in a privilege log. The log was later supplemented to include these materials.

For the foregoing reasons, Plaintiff's Motion to Compel, ECF No. 47, is **DENIED**.

Date: September 10, 2025

N. Reid Neureiter
United States Magistrate Judge